**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4271**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ERIC MARTIN PEPKE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:15-cr-00319-FL-1)

———————

Submitted:  October 31, 2016          Decided:  November 7, 2016

———————

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Martin Pepke pled guilty, in accordance with a written plea agreement, to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (2012). The district court sentenced Pepke to 97 months' imprisonment, to be followed by lifetime supervised release. Pepke timely appealed.

Pepke's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning whether Pepke's sentence was reasonable. Pepke filed a pro se supplemental brief, with a supplement. The Government has moved to dismiss the appeal on the basis of Pepke's waiver in his plea agreement of the right to appeal his sentence. We affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

Our review of the record leads us to conclude that Pepke knowingly and voluntarily waived the right to appeal his

2

sentence, except for claims of ineffective assistance or prosecutorial misconduct not known to Pepke at the time of his guilty plea.* We therefore grant the Government's motion to dismiss and dismiss the portion of the appeal pertaining to Pepke's sentence. We note, however, that Pepke's waiver of his right to appeal his sentence does not preclude our review of Pepke's conviction or his challenges to his sentence based on ineffective assistance or prosecutorial misconduct.

In his pro se supplemental brief, Pepke asserts that the images to which he pled guilty do not depict child pornography and that the images were "intrastate." This claim is belied by the record.

Pepke argues that the seizure of his files violates the Fourth Amendment because a detective accessed those files before obtaining a search warrant. This antecedent nonjurisdictional allegation is waived by Pepke's valid guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Next, Pepke claims that the prosecutor made false statements at the arraignment and at the sentencing hearing. To establish prosecutorial misconduct, Pepke must demonstrate that the prosecutor's conduct was improper and that it prejudicially

---

* Accordingly, we reject Pepke's pro se claim that he did not knowingly and voluntarily waive his right to appeal.

3

affected his substantial rights. United States v. Caro, 597 F.3d 608, 624-25 (4th Cir. 2010); see also United States v. Armstrong, 517 U.S. 456, 464 (1996) (noting presumption of regularity accorded prosecutorial decisions). Because Pepke did not raise these claims in the district court, our review is for plain error. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). We conclude that Pepke's conclusory claims, which fail to specify the substance of the prosecutor's purportedly false statements, fail to establish prosecutorial misconduct.

Finally, Pepke asserts that he was denied effective assistance of counsel because his attorney did not contact him a week after sentencing, as promised, did not give him adequate time to review "relevant documents," and told him that he would receive five years' supervised release when he actually received lifetime supervision. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of

4

counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Pursuant to <u>Anders</u>, we have reviewed the entire record for meritorious, nonwaived issues and have found none. We therefore affirm in part and dismiss in part. This court requires that counsel inform Pepke, in writing, of his right to petition the Supreme Court of the United State for further review. If Pepke requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Pepke. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>